

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

*FIRM and AFFILIATE OFFICES*

SUZAN JO
DIRECT DIAL: +1 212 692 1088
PERSONAL FAX: +1 212 214 0924
*E-MAIL:* sjo@duanemorris.com

www.duanemorris.com

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

December 4, 2013

**VIA FACSIMILE**

The Honorable P. Kevin Castel
United States District Court - Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Chambers at 2260
New York, NY 10007-1312

    Re:    **Bank of New York Mellon Trust Co v. Gebert, *et al.*, No. 13-06988 (PKC)**

Dear Judge Castel:

    This firm represents Plaintiff in the above-referenced matter, and we write in response to Defendants' letter dated November 22, 2013, requesting a pre-motion conference (the "Pre-Motion Letter").  In the Pre-Motion Letter, Defendants essentially admit the facts alleged in Plaintiff's Complaint, but assert that this case should be dismissed or transferred to the Eastern District of Pennsylvania because of improper venue, and further, that Plaintiff's fraud and conversion claims should be dismissed.  Because Defendants' arguments are meritless, Defendants' proposed motion would be futile and a waste of the Court and the parties' time and resources.

    A.    <u>Venue is Proper in this Court</u>

    As admitted in the Pre-Motion Letter, the Guaranty[1] provides that Defendants consent to the jurisdiction of any federal or state court located in New York "having proper venue." Defendants' argument that the foregoing provision only constitutes a consent to jurisdiction, but not a consent to venue, would call for an awkward and illogical reading of that provision. Indeed, when Defendants agreed to submit to personal jurisdiction in New York, they necessarily waived any objection to venue here.  *See  Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) (finding that § 1391(a)(3), predecessor to § 1391(b)(3), does not mean that venue is improper in one district merely because there is another district in which defendants are subject

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

DUANE MORRIS LLP
1540 BROADWAY   NEW YORK, NY 10036-4086            PHONE: +1 212 692 1000   FAX: +1 212 692 1020

DuaneMorris

The Honorable P. Kevin Castel
December 4, 2013
Page 2

to personal jurisdiction by virtue of consent). Accordingly, an examination of the requirements of 28 U.S.C. § 1391(b) is unnecessary because Defendants otherwise consented to venue in New York. *See Nat'l Union Life Ins. Co. v. Casmalia Res., Ltd.*, No. 89-1045, 1990 U.S. Dist. LEXIS 8502, at *11 n.4 (S.D.N.Y. July 11, 1990) (venue proper even though requirements of 28 U.S.C. § 1391 not met because "[v]enue, as with personal jurisdiction, may be created by the contractual agreement of the parties").

Moreover, to say that the requirements of 28 U.S.C. § 1391(b) must be satisfied as a prerequisite for Defendants' consent to the jurisdiction of the courts located in New York "having proper venue" would also render that provision of the Guaranty meaningless due to its circular nature. If, as Defendants have suggested in the Pre-Motion Letter, the statutorily prescribed bases for venue under 28 U.S.C. § 1391(b) are otherwise absent, then there would be no circumstances under which the courts in New York could ever have jurisdiction over Defendants and the consent to jurisdiction contained in the Guaranty would be eviscerated. *See, e.g.*, *Coface v. Optique DuMonde, Ltd.*, 521 F. Supp. 500, 506 (S.D.N.Y. 1980) ("To consent to personal jurisdiction in New York courts without also consenting to venue would thus be a meaningless exercise, at least in this case where each party reasonably should have anticipated that venue in this forum would be improper but for such a forum selection clause."). Such a result should not be permitted, as it would essentially render the consent to jurisdiction a nullity. Contracts should be read to give effect to all of their provisions, and if Defendants' argument regarding venue is accepted, the consent to jurisdiction provision in the Guaranty would be gutted. Such a result is inconsistent with New York law. *See Millgard Corp. v. E.E. Cruz/Nab/ Frontier-Kemper*, No. 99-2952, 2002 U.S. Dist. LEXIS 23921, at *38-39 (S.D.N.Y. Dec. 12, 2002) (rejecting interpretation of contract provision which would render certain language a nullity as such interpretation would violate "'cardinal principle of contract construction'" that a contract be read to give effect to all its provisions and render them consistent with each other).

Further, the Guaranty provides that it shall be "governed by, and construed in accordance with, the laws of the State of New York." Guaranty at ¶ 13. Federal courts recognize that it is generally preferable for a controversy to be decided by a court sitting in the state whose law governs the controversy. *See, e.g.*, *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008) ("Where, as here, there are state law claims, the forum's familiarity with governing law supports retention of the action.") (citation omitted); *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 722 (E.D.N.Y. 1996) ("[T]here is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case . . . .") (internal quotations omitted). Where a choice of law provision specifies that New York law should govern the contract at issue, transfer of venue from New York is disfavored. *Breeden v. Tricom Bus. Sys., Inc.*, 244 F. Supp. 2d 5, 9 (N.D.N.Y. 2003). The District Court for the Southern District of New York is located in the state whose law governs the Guaranty, and this strongly favors maintaining venue here.

As courts within this district have previously noted, the existence of a forum selection clause, even if permissive rather than mandatory, is a "significant factor" to be weighed in

DuaneMorris

The Honorable P. Kevin Castel
December 4, 2013
Page 3

determining whether venue is proper in a particular court.  *See JSP Int'l v. Tri-Tech Grp., Inc.*, No. 94-2422, 1995 U.S. Dist. LEXIS 9684, at *16 (S.D.N.Y. July 13, 1995) (enforcing venue in New York where no operative facts occurred in New York but where parties agreed to permissive forum selection clause consenting to jurisdiction of New York courts).  Because the parties here consented to the jurisdiction of New York state and federal courts, the Defendants should not now be allowed to argue that venue is improper.  *See A.I. Credit Corp. v. Liebman*, 791 F. Supp. 427, 430 (S.D.N.Y. 1992) (stating that forum selection clauses are *prima facie* valid and enforceable unless opposing party establishes fraud, undue influence or overreaching with respect to negotiation of forum selection clause itself).  For the foregoing reasons, a motion to dismiss or transfer on the basis of improper venue would be futile and should not be permitted.[2]

      B.     <u>Plaintiff's Tort Claims are Proper</u>

Contrary to Defendants' assertions, Plaintiff's causes of action for fraud and conversion are not duplicative of its claim for breach of contract.  Plaintiff's cause of action for breach of contract arises from the Liabilities.  The "Liabilities" are defined in the Complaint as the <u>liability of the Borrower</u> to Plaintiff for its "misappropriation of the Payments arising from the Mortgaged Premises, for its misrepresentations and/or omissions regarding the same and for all damages sustained by Plaintiff as a result of the same."  Complaint, ¶ 56.  The Guaranty is merely the instrument which gives rise to Defendants' obligation to Plaintiff for such Liabilities.  Because Defendants have not satisfied the Liabilities as required under the terms of the Guaranty, they have breached the terms thereof.  Plaintiff's causes of action for fraud and conversion, however, arise from Defendants' direct liability to Plaintiff for Defendants' own misconduct, fraudulent actions and misappropriation of Plaintiff's property which Defendants committed or caused Borrower to commit as a result of their control of Borrower.

Courts in New York have recognized the distinction between causes of action for breach of contract and causes of action for fraud and conversion.  For example, in *125 West 22nd St. Holding, LLC v. Calabrese Associates, Inc.*, No. 602315/07, 2008 N.Y. Misc. LEXIS 10163 (N.Y. Sup. Ct. Aug. 1, 2008), the plaintiff alleged claims of both breach of contract and fraud where the defendant misrepresented how much of a construction project was finished and the amounts due from the plaintiff to a subcontractor.  The court held that these misrepresentations were "extraneous" and "collateral" to the contract, and therefore not duplicative of the breach of contract claim.  *See also Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) (denying motion to dismiss conversion claim after finding it distinct from breach of contract claim where defendant collected payments owed to plaintiff and then failed to remit those payments to plaintiff pursuant to their agreement, thereby interfering with plaintiff's superior possessory right); *Kubin v. Miller*, 801 F. Supp. 1101 (S.D.N.Y. 1992) (finding that plaintiff's conversion claim was not duplicative of his breach of contract claim where conversion claim alleged that

---

[2] If the Court allows such a motion, and ultimately finds that venue is not proper in this Court, Plaintiff submits that this case should be transferred to the Eastern District of Pennsylvania (where Defendants have admitted that venue is otherwise proper under 28 U.S.C. § 1391(b)), rather than dismissed.

DuaneMorris

The Honorable P. Kevin Castel
December 4, 2013
Page 4

defendant had diverted business, assets and profits for personal use and contract claim merely asserted failure to perform). Like the facts of the foregoing cases, Defendants' actions as alleged by Plaintiff were extraneous to their obligations under the Guaranty itself. Defendants' misappropriation of Plaintiff's property which Defendants effectuated or caused Borrower to effectuate constitutes conduct collateral to their obligations under the Guaranty and interfered with Plaintiff's superior rights under the documents governing the relationship between Plaintiff and Borrower.

Plaintiff's cause of action for breach of contract seeks compensatory damages on account of the Liabilities. The damages sought by Plaintiff in connection with its causes of action for fraud and conversion include both compensatory and punitive damages. Accordingly, such damages are not wholly duplicative of, and may in fact exceed, the "Liabilities." The differing nature of the damages sought by Plaintiff in its various causes of action underscores the fact that such causes of action are distinguishable. As explained by the Court in *Cayuga Harvester, Inc. v. Allis-Chalmers Corp.*, 95 A.D.2d 5, 22-23 (N.Y. App. Div. 4th Dep't 1983), breach of contract damages are limited to "the loss caused by failure to perform the stipulated bargain," while fraud damages are intended to compensate the plaintiff for "what he lost because he made the bargain, not what he would have gained had it been performed." Because the two measures of damages were distinct, the *Cayuga* court found that the underlying claims were not duplicative, and accordingly rejected the defendant's motion to dismiss the fraud claim. *Id.* The damages sought by Plaintiff on account of its tort claims in this matter are distinct from the damages it seeks for breach of contract. Therefore, its tort claims should not be dismissed as duplicative of its breach of contract claim.

Also contrary to Defendants' assertions, the economic loss doctrine does not bar Plaintiff's tort claims. While New York courts do recognize the economic loss doctrine in certain circumstances, the doctrine does not apply to claims where the damages sought are distinct from the damages sought for the breach of contract claim. *See, e.g., Genna v. Sallie Mae, Inc.*, No. 11-7371, 2012 U.S. Dist. LEXIS 54044, *9-10 (S.D.N.Y. April 16, 2012). As described above, Plaintiff's claims for fraud and conversion arise from Defendants' actions that are extraneous to its obligations under the Guaranty, and seek different damages for that conduct. Under these circumstances, the economic loss doctrine does not operate to bar Plaintiff's tort claims. *See EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 277-78 (S.D.N.Y. 2004) ("New York courts have routinely permitted fraud and contract claims to proceed in tandem for the purpose of recovering pure economic loss.").

Defendants' argument here is the same as that made by the defendant in *EED Holdings*. In *EED Holdings*, the court noted that the defendant had cited no cases, and the court itself had been unable to locate, any "authority for the application of the economic loss doctrine to claims . . . that sound in fraud." *Id.* at 278. The same is true here. In fact, Defendants in this case have relied on certain of the cases relied upon by the defendant in *EED Holdings*, which the court noted "all stand for the uncontroversial (and entirely irrelevant) proposition that the economic loss rule prevents the assertion of negligence or strict liability claims where plaintiff's injury is

DuaneMorris

The Honorable P. Kevin Castel
December 4, 2013
Page 5

purely economic." *Id.* at 278 n.7.  Here, Plaintiff is not asserting negligence and strict liability claims.  Rather, Plaintiff is asserting intentional tort claims, which are not subject to New York's economic loss doctrine.  Accordingly, Plaintiff's tort claims are proper.  *Accord Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02-2628, 2004 U.S. Dist. LEXIS 9120, at *28 (S.D.N.Y. May 21, 2004) ("The parties have not cited to any case in the New York courts applying the economic loss doctrine to an intentional tort, nor has one been found by the Court.").  Based on the foregoing, there is no reason why Plaintiff should not be permitted to pursue its breach of contract and tort claims in tandem.

      C.      <u>Plaintiff's Fraud Claim is Adequately Pled</u>

As noted by this Court, a plaintiff must allege "the circumstances constituting fraud" such that "a thorough reading of the Complaint puts the defendant on fair notice both as to the claims and the factual ground upon which the claims are based."  *Schaeffer v. Kessler*, No. 12-8576, 2013 U.S. Dist. LEXIS 38781, at *23 (S.D.N.Y. March 20, 2013) (holding that fraud allegations met the Rule 9(b) standard).  In this case, Plaintiff has adequately alleged the circumstances constituting fraud, and a thorough reading of the Complaint has certainly put Defendants on fair notice as to the claims against them, and the factual grounds on which those claims are based.  Plaintiff alleges, *inter alia*, that Defendants made or caused the Borrower to make misrepresentations of fact and/or material omissions of fact to Plaintiff in connection with the misappropriation of the Payments arising from the Mortgaged Premises for Defendants' own benefit.  Complaint at ¶ 66.  This is the essence of the fraud perpetrated by Defendants.  This is not a case where there was a detailed scheme in place, which requires detailed allegations.  The Defendants' fraudulent conduct consisted of misappropriating funds owed to Plaintiff and causing the Borrower to make misrepresentations regarding such misappropriation.  Plaintiff has alleged the facts of the fraud, and has therefore met the Rule 9(b) requirements.  *See id.*; *see also IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1058 (2d Cir. 1993).

      D.      <u>Plaintiff's Request for Punitive Damages is Permissible</u>

Defendants also seek to "dismiss" Plaintiff's demand for punitive damages on the grounds that New York law permits an award of punitive damages for breach of contract only under certain circumstances which are allegedly absent in this case.  First, the Complaint seeks an award of punitive damages only in connection with Plaintiff's causes of action for fraud and conversion, not for breach of contract.  Complaint, pp. 12-14.  Second, Plaintiff's entitlement to damages, punitive or otherwise, is to be determined after a trial on the merits, and cannot be properly addressed in a motion to dismiss.  Accordingly, Defendants' request is entirely without merit.

Should the Court determine that Defendants may file a motion to dismiss or transfer venue, Plaintiff proposes the following schedule for the motion:  Deadline to file Motion: January 6, 2014; Deadline to Respond to Motion: January 31, 2014; Deadline to file Reply: February 14, 2014.

The Honorable P. Kevin Castel
December 4, 2013
Page 6

**DuaneMorris**

                                                    Respectfully submitted,

                                                    */s/Suzan Jo*

                                                    Suzan Jo

cc:    Michael Tremonte, Esquire