UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| The Bank of New York Mellon Trust Company, N.A. (f/k/a The Bank of New York Trust Company, National Association), as Trustee for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-IQ14, | : : : : : : : |
| Plaintiff, | : : |
| Peter H. Gebert, et al., | : : |
| Defendants. | : |

No. 13-06988 (PKC)

_____

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT OR,
<u>IN THE ALTERNATIVE, TO TRANSFER VENUE</u>**

**SHER TREMONTE LLP**
Michael Tremonte, Esq.
80 Broad Street, Suite 1301
New York, NY 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
Email: mtremonte@shertremonte.com

**BRAVERMAN KASKEY, P.C.**
David L. Braverman, Esq.
Peter J. Leyh, Esq.
One Liberty Place, 56th Floor
Philadelphia, Pennsylvania 19103
215-575-3800 (telephone)
215-575-3801 (facsimile)
Email: dbraver@braverlaw.com
Pleyh@braverlaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT........................................................................................................................1

    1.  Plaintiff's Claim for Punitive Damages Does Not Differentiate
       Its Contract Claim from its Tort Claim........................................................1

    2.  The Tort Claims Are Duplicative ................................................................3

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Cox*, 2011 U.S. Dist. Lexis 63796 (S.D.N.Y. June 16, 2011) ...........................................2

*125 West 22nd St. Holding, LLC v. Calabrese Associates, Inc.*, 2008 NY Misc. Lexis 10163
   (N.Y. Sup. Ct. Aug. 1, 2008) ....................................................................................................3

*Krantz v. Chateau Stores of Canada, Ltd.*, 256 A.2d 186, 683 N.Y.S. 2d 24 (App. Div. 1998) ...................................2

*Kubin v. Miller*, 801 F. Supp. 1101 (S.D.N.Y. 1992) ........................................................................4

*Mashreqbank, PSC v. ING Group N.V.*, 2013 U.S. Dist. Lexis 154345 (S.D.N.Y. Oct. 25, 2013) ...............................2

*MBIA Ins. Corp. v. Credit Suisse Securities (USA) LLC*, 32 Misc. 3d 758, 927 N.Y.S. 2d 517
   (N.Y. Sup. Ct. June 1, 2011) ....................................................................................................2

*Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) ..................................................................4

Defendants Peter H. Gebert, Ellen J. Gebert, Hampton C. Randolph and Evelyn M. Randolph, by their undersigned attorneys, respectfully submit this Reply Memorandum of Law in support of their motion: (i) to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. Section 1406(a) and 1367(c)(3), and (ii) to dismiss plaintiff's claims for fraud (Count II of the Complaint), conversion (Count III of the Complaint) and demand for punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

In defendants' opening brief, we anticipated and rebutted in advance plaintiff's argument that, as a result of a contractual (and conditional) consent to jurisdiction, defendants waived or implicitly consented to venue in this Court.  We showed that plaintiff's contention flies in the face of explicit contractual language to the contrary – *i.e.*, the phrase "having proper venue" that is in the middle of and modifies the consent to jurisdiction – and, further, that the cases plaintiff relies upon *contained no such modifying language*.  Therefore, in this brief reply memorandum defendants will address only plaintiff's contention that, despite all indications to the contrary, its tort claims are independent of and can stand alone from its breach of contract claim.

## ARGUMENT

**1. Point One - Plaintiff's Claim for Punitive Damages Does Not Differentiate Its Tort Claims From its Contract Claim.**

Plaintiff argues that its demand for punitive damages differentiates the damages that it seeks under its tort claims from those that it seeks under its breach of contract claim, and thus renders the tort claims independent and able to stand on their own. This argument has been

1

considered by federal and state courts sitting in New York, however, and has been rejected. *See Mashreqbank, PSC v. ING Group N.V.*, 2013 U.S. Dist. Lexis 154345, *16 (S.D.N.Y. Oct. 25, 2013) (dismissing fraud claim as duplicative of breach of contract claim; "While Mashreq does request punitive damages, this does not suffice to sustain a fraud claim where 'the alleged misrepresentations did not result in any loss independent of the damages allegedly incurred for breach of contract'"); *Allen v. Cox*, 2011 U.S. Dist. Lexis 63796, *14 (S.D.N.Y. June 16, 2011) (dismissing fraud claim as duplicative of breach of contract claim; "general request for punitive damages is not enough to differentiate the damages recoverable for fraud from those sought for breach of contract"); *Krantz v. Chateau Stores of Canada, Ltd.*, 256 A.2d 186, 187, 683 N.Y.S. 2d 24, 25 (App. Div. 1998) (overruling trial court and dismissing claim for fraud as duplicative of contract claim; ". . . with the exception of the unelaborated request for punitive damages on the fraud claim, plaintiff has not claimed any special damages proximately caused by the false representation that are not recoverable under the contract measure of damages"); *MBIA Ins. Corp. v. Credit Suisse Securities (USA) LLC*, 32 Misc. 3d 758, 775-6; 927 N.Y.S. 2d 517, 532 (N.Y. Sup. Ct. June 1, 2011) (dismissing fraud claim because duplicative of contract claim; ". . . an unelaborated request for punitive damages is not enough to make the damages recoverable for fraud different from contract damages . . . . plaintiff's damages not recoverable under the contracts are unspecified 'equitable damages,' a bare-bones, conclusory request insufficient to undermine the holding that the fraud claim is duplicative of the breach of contract claim"). Respectfully, plaintiff's reliance upon its boilerplate demand for punitive damages as the ticket to admission for its tort claims should be rejected.

**2. Point Two – Plaintiff's Tort Claims Are Duplicative.**

Plaintiff argues that its breach of contract claim – *i.e.*, that defendants are contractually liable under their guarantee to reimburse plaintiff for CenterPointe Office Associates, L.P.'s ("CPLP") breach of its loan agreement (by purportedly failing to turn over rents collected from its tenants and allegedly owed to plaintiff after CPLP allegedly defaulted under its loan) (hereinafter, the Guarantee") – is "extraneous" or "collateral" to plaintiff's tort claims for fraud and conversion (which merely add allegations that defendants, CPLP's principals, were responsible for and benefitted from CPLP's breach). As is obvious, however, there is significant overlap – indeed, there is a rather seamless four-corner overlay – of the claims, since all proceed from alleged breaches of contract: CPLP's of the loan documents, and defendants' of their Guarantee. Further, the "compensatory damages" that plaintiff seeks under each claim are identical (*i.e.*, the rents). Plainly, the tort claims relate to the alleged claim for breaches of contract. The alleged breaches of contract are necessary and essential to the tort claims, not extraneous or collateral; without the former, the latter would not exist.

In their opening brief, defendants cited a number of cases, both federal and state, holding that a cause of action for fraud does not arise where the alleged fraud relates to a breach of contract, and the corollary proposition that a breach of contract is not a tort unless a legal duty independent of the contract has been violated. These are oft-litigated issues in New York courtrooms, and the law is well-settled in this regard. It is hardly surprising, then, that plaintiff was able to find cases in which courts found in a plaintiff's favor on these issues. However, the cases that it cites are quite distinguishable from this case.

3

In *125 West 22nd St. Holding, LLC v. Calabrese Associates, Inc.*, 2008 NY Misc. Lexis 10163 (N.Y. Sup. Ct. Aug. 1, 2008), the defendant signed a contract with plaintiff to provide construction services to plaintiff (the "CAI Agreement"), but was unable to obtain bonding. Defendant recommended another contractor, "Pav Lak," with whom plaintiff then contracted for the same construction services (the "Pav Lak Agreement"). Defendant was identified in the Pav Lak Agreement as "Construction Manager" for the project, but the Pav Lak Agreement did not detail the role defendant was supposed to play, or specify any duties that it had thereunder. In its complaint, plaintiff alleged that defendant acted as "intermediary" between it and Pav Lak, and that defendant misrepresented how much of the project had been completed, causing plaintiff to issue an inflated payment to defendant, who kept the overage after remitting to Pav Lak what Pav Lak was actually owed for the work it had done. On these facts, the court correctly determined that the allegations of fraud were extraneous to both the CAI and Pav Lak agreements. Put another way, the alleged fraud had no basis in either contract – unlike here, where the alleged fraud is firmly grounded in the contractual obligations of both CPLP and the defendants.

In *Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) -- which plaintiff actually cites for help with its conversion claim -- the court also permitted plaintiff to maintain a fraud claim alongside its claim for breach of contract, but only because it found that there was a confidential relationship between the parties giving rise to fiduciary duties on defendant's part that were separate and distinct from her contractual duties. *Id.,* pp. 543-4.[1] Here, by contrast, there is no allegation that defendants owe plaintiff any fiduciary or extra-contractual duties. To the contrary, the only duties that defendants owe to plaintiff are contractual, under the Guarantee.

---

[1] While not explicit in the opinion, the fiduciary relationship apparently influences the court's decision not to dismiss the conversion claim either.

4

Finally, in *Kubin v. Miller*, 801 F. Supp. 1101 (S.D.N.Y. 1992), there were three contracts alleged by plaintiff: (i) an oral agreement with defendants to merge four businesses into a single entity ("Newco"); (ii) a subsequent letter agreement recognizing plaintiff's percentage ownership of Newco; and (iii) a finder's fee agreement under which plaintiff would receive a fee for introducing a certain prospective client to Newco. Plaintiff alleged that defendants breached all three: (i) the oral agreement, in that after the parties had merged the three companies in which plaintiff had an interest into Newco, defendants refused to fold in the fourth company, which was owned by them alone; (ii) the letter agreement, by refusing to issue plaintiff any shares of Newco (or to enter into a shareholder's agreement); and (iii) the finder's fee agreement, by refusing to pay plaintiff the fee after he made the introduction. Plaintiff also asserted a cause of action for conversion, claiming that defendants diverted Newco's business and profits to the fourth company that they owned but refused to merge into Newco. On these facts, the court correctly held that the conversion claim was distinct from the breach of contract claims, and should be permitted to stand. *Id.* at pp. 1117-18. Again, in our case the alleged conversion simply states, in essence, that "defendants haven't paid me what they owe me under the Guarantee."

Dated:  February 5, 2014                                  Respectfully submitted,

                                                **SHER TREMONTE LLP**
                                                BY:  /s/ Michael Tremonte
                                                Michael Tremonte, Esq.
                                                80 Broad Street, Suite 1301
                                                New York, NY 10004
                                                Telephone: (212) 202-2600
                                                Facsimile: (212) 202-4156
                                                Email: mtremonte@shertremonte.com

                                **BRAVERMAN KASKEY, P.C.**
David L. Braverman, Esq.
Peter J. Leyh, Esq.
One Liberty Place, 56th Floor
Philadelphia, Pennsylvania 19103
215-575-3800 (telephone)
215-575-3801 (facsimile)
Facsimile: (212) 202-4156
Email: mtremonte@shertremonte.com

Attorneys for Defendants