UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A. (f/k/a THE BANK OF NEW
YORK TRUST COMPANY, NATIONAL
ASSOCIATION), AS TRUSTEE FOR
MORGAN STANLEY CAPITAL I INC.,
COMMERCIAL MORTGAGE PASS –
THROUGH CERTIFICATES, SERIES 2007-
IQ14,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-14

      Plaintiff,       13 Civ. 6988 (PKC)

 -against-          MEMORANDUM
               AND ORDER

PETER H. GEBERT, et. al,

      Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff, The Bank of New York Mellon Trust Company ("BoNY"), brings this action for breach of contract, fraud, and conversion against defendants Peter H. Gebert, Ellen Gebert, Hampton Randolph, and Evelyn Randolph ("the Guarantors") as guarantors of a loan upon which the borrower defaulted. The Guarantors move to dismiss the case for improper venue, or, in the alternative, transfer venue to the Eastern District of Pennsylvania, where all defendants reside. The guarantors also move to dismiss BoNY's fraud and conversion claims and demand for punitive damages. For the reasons set forth below, the Guarantors' motion to transfer venue is granted. The Court does not reach the merits of the Guarantors' other motions.

BACKGROUND

    BoNY is a national banking association organized under the National Bank Act and is deemed to be a citizen of the state of California and has its principal place of business in Los Angeles, California. (Compl. ¶ 1.) Defendants Peter H. Gebert and Ellen J. Gebert are

individuals who reside at 51 Windermere Drive, Bluebell, Pennsylvania 19422.  (Compl. ¶¶ 3-4.)  Defendants Hampton C. Randolph and Evelyn Randolph are individuals who reside at 956 Limekiln Pike, Ambler, Pennsylvania, 19002.[1]  (Compl. ¶¶ 5-6.)  Subject matter jurisdiction is alleged to be based upon diversity of citizenship, 28 U.S.C. § 1332.

In 2007, Wells Fargo issued a loan of $9,000,000 to CenterPointe Office Associates, L.P.  (Compl. ¶ 9.)  The loan was negotiated by Joe Lebano, whose office is based in Pennsylvania.  (Gebert Decl. ¶ 3.)  The closing occurred in Broad Axe, Pennsylvania.  (Gebert Decl. ¶ 4.)  Center Pointe issued a promissory note in favor of Wells Fargo and provided MERS, Wells Fargo's nominee, with the mortgage and assignment of rents and leases.  (Compl. ¶ 10.)  Pursuant to the mortgage, Center Pointe provided MERS a first priority mortgage lien on CenterPointe Office Center, Jacksonville Road, Warminster, Bucks County, Pennsylvania.  (Compl. ¶ 11.)  The mortgage and assignment of leases and rents provided that upon the occurrence of a default, Center Pointe's license to collect and receive payments would be automatically revoked and MERS would be immediately entitled to possession of the payments, regardless of if MERS enters upon or takes control of the CenterPointe Office Center.  (Compl. ¶ 14.)  Defendants Peter Gebert and Hampton Randolph are officers of CenterPointe Office Center.  (Compl. ¶ 15.)  They are both shareholders and officers of Franklin Services Corporation, the general partner of Center Pointe.  (Compl. ¶¶ 16-17.)  They are also both officers and own partnership interests in Franklin Growth Partners, L.P., the limited partner of Center Pointe.  (Compl. ¶¶ 18-19.)

The Guarantors executed a limited guaranty in favor of Wells Fargo, in which they agreed to guarantee the repayment of certain amounts for which Center Pointe is liable to

---

[1] Plaintiff alleges the residence but not the citizenship of the defendants.  For the purposes of this motion, the Court assumes the individual defendants are citizens of the state in which they reside.

Wells Fargo, including with respect to fraud or willful misrepresentation and failure to apply payments from CenterPointe Office Center to the payments to MERS.  (Compl. ¶¶ 21-22.)  Foreclosure on the property is not necessary for the lender to collect from the Guarantors, and the lender may exercise its rights against Center Pointe and the Guarantors concurrently.  (Compl. ¶¶ 23-24.)  The guaranty has a forum selection provision, which provides that "Guarantor . . . consent[s] to the jurisdiction of any Federal or State Court within the State of New York having proper venue and also consent to service of process by any means authorized by New York or Federal law."  (Compl. Exhibit E ¶ 13.)  The guaranty also provides that the contract is governed by New York law.  (Compl. Exhibit E ¶ 13.)

In 2012, Wells Fargo assigned its rights under the loan and all related documents to BoNY.  (Compl. ¶ 28.)  By letter dated May 4, 2012, BoNY notified Center Pointe and the Guarantors of Center Pointe's default and the requirements to cure.  (Compl. ¶ 31.)  By letter dated May 25, 2012, BoNY notified Center Pointe of its failure to cure the defaults, accelerated all amounts due and owing under the loan documents, and demanded payment in full.  (Compl. ¶ 32.)  BoNY filed a complaint in Mortgage Foreclosure against Center Pointe on August 23, 2012 in the Court of Common Pleas in Bucks County, PA.  This action is currently pending.  (Compl. ¶ 33.)  The Pennsylvania Court appointed NAI Geis Realty Group, Inc. as the receiver for CenterPointe Office Center.  (Compl. ¶ 34.)

Upon the default, Center Pointe did not remit the payments to BoNY as required by the mortgage and assignment of rents and leases, and instead continued to retain the payments for its own benefit and transfer the benefits to Franklin Services Corporation, Franklin Growth Partners, and other entities controlled by the Guarantors.  (Compl. ¶¶ 37-43.)  BoNY alleges that

Center Pointe made misrepresentations and material omissions of fact to BoNY in connection with misappropriation of the payments arising from CenterPointe Office Center.  (Compl. ¶ 47.)

## LEGAL STANDARD

On a motion to dismiss for improper venue under Rule 12(b)(3), Fed. R. Civ. P, "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue."  Gulf Insurance Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). The applicable venue statute provides that:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Section 1391(c) defines residency for purposes of venue.  "[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled."  28 U.S.C. § 1391(c)(1).  "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ."  28 U.S.C. § 1391(c)(2).

## DISCUSSION

The oddly worded forum selection clause in this case provides that the "Guarantor . . . consent[s] to the jurisdiction of any Federal or State Court within the State of New York

having proper venue . . . ." (Guaranty ¶ 13, Compl. Ex. E) (emphasis added).  Central issues presented on this motion are the meaning of this phrase and whether proper venue lies in this district.

The Guarantors argue that venue lies exclusively in the Eastern District of Pennsylvania and move to dismiss for improper venue or to transfer to that district pursuant to 28 U.S.C. § 1406(a).  BoNY argues that venue properly lies in this district because the Guarantors consented to personal jurisdiction in this Court.  "Parties can consent to personal jurisdiction through forum selection clauses in contractual agreements." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006).

Forum selection clauses "are prima facie valid" and "are enforced because they provide certainty and predictability in the resolution of disputes." Sterling Nat. Bank as Assignee of Norvergence, Inc. v. Eastern Shipping Worldwide, Inc., 826 N.Y.S. 2d 235, 237 (1st Dep't 2006) (citations omitted).  Under New York law, a contract "must be enforced according to the plain meaning of the language of the contracting parties," and analysis of whether any language is ambiguous requires considering the contract "as a whole." Brad H. v. City of New York, 17 N.Y.3d 180, 185-86 (2011) (internal citations omitted).  "The language of a contract is not made ambiguous simply because the parties urge different interpretations.  Nor does ambiguity exist where one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning.'" Seiden Associates, Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992) (quoting Bethlehem Steel Co. v. Turner Construction Co., 2 N.Y.2d 456, 459 (1957).  A court should not interpret a contract in a manner that would be "absurd, commercially unreasonable, or contrary to the reasonable expectations of the parties." In re Lipper Holdings, LLC, 766 N.Y.S. 2d 561, 562 (1st Dep't 2003).

The forum selection clause in the guaranty provides that "Guarantor . . . consent[s] to the jurisdiction of any Federal or State Court within the State of New York having proper venue and also consent to service of process by any means authorized by New York or Federal law."  (Guaranty ¶ 13, Compl. Ex. E.)  The guaranty also provides that it shall be governed by and construed in accordance with New York law.  (Guaranty ¶ 13, Compl. Ex. E.)  BoNY argues that this forum selection clause constitutes consent to both personal jurisdiction and venue in any Federal or State court within the State of New York.  The Guarantors argue that the clause provides that they consent to jurisdiction only if venue is proper in New York.

This language is unambiguous.  The phrase "having proper venue" predicates the consent to jurisdiction on a court within this state having proper venue.  BoNY argues that the forum selection clause constitutes consent to venue as implicit in the consent to jurisdiction.  BoNY contends that Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 983 (2d Cir. 1996) demands such an interpretation because in that case, the Second Circuit determined that "[b]ecause Defendants consented to personal jurisdiction in the District of Connecticut . . . they also consented to venue there."  But the contractual language at issue in Doctor's Associates was dissimilar to the language at issue in the guaranty.  The Doctor's Associates contract was silent as to venue, but included a consent to arbitrate in the district, which the Second Circuit found constituted a consent to both personal jurisdiction and venue.  Id.  In the present case, the language of the forum selection clause is not silent on venue; it predicates consent to personal jurisdiction on the court "having proper venue."

The present case is also dissimilar from National Union Life Ins. Co. v. Casmalia Resources Ltd., 89 Civ. 1045 (SWK), 1990 WL 102199 (S.D.N.Y. July 11, 1990).  There, the district court found proper venue where the agreement provided that "all litigation . . . shall take

place in New York." Id. at *5 n.2.  The district court noted that "[v]enue, as with personal jurisdiction, may be created by the contractual agreement of the parties.  As the Court has personal jurisdiction by virtue of the forum selection provision, venue is similarly proper." Id. at *5 n.4.  See also Coface v. Optique Du Monde, Ltd., 521 F. Supp. 500, 506 (S.D.N.Y. 1980) (Connor, J.) (contractual consent to personal jurisdiction, without any discussion of consent to venue, constituted consent to venue); N.Y. Gen. Oblig. Law § 5-1402.  This case does not turn on whether consent to venue may be implied from consent to personal jurisdiction coupled with silence on venue.  Simply put, this contract is not silent on venue.

BoNY argues that a determination that the forum selection clause does not provide for venue in New York would violate a "cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995).  But that same canon of construction counsels that provisions should be given their full meaning and not read as surplusage.  BoNY argues that the forum selection clause becomes, in effect, meaningless if the words "having proper venue" are read as a limitation.  That is just not so.  For example, under section 1391(b)(3), a proper basis for venue could exist when there is personal jurisdiction over one defendant in a district, but not others.  Because venue would be proper in that case, the forum selection clause would provide for personal jurisdiction over the other defendants in that district.  BoNY would read the phrase "having proper venue" out of the contract.

Absent a contractual provision to the contrary, venue in this case is not proper in New York.  Because no defendant is alleged to reside in New York, section 1391(b)(1) does not provide venue in New York.

Because no substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, section 1391(b)(2) does not provide a basis for venue in this district.  See Gulf Ins. Co., 417 F.3d at 357 ("[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." (emphasis in original)).  The property that is the subject of the action is situated in Pennsylvania.  BoNY does not contend that a substantial part of the events or omissions giving rise to the claim occurred in New York.

Section 1391(b)(3) is only applicable "if there is no district in which an action may otherwise be brought as provided in this section."  Because there is an alternative district in which this action may otherwise be brought – the Eastern District of Pennsylvania – section 1391(b)(3) does not provide a basis for venue in this district.  Accordingly, venue is not proper in this district.

The issue remains of how to dispose of this case.  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); 28 U.S.C. § 1406(a).  This Court exercises its discretion to transfer the action to the Eastern District of Pennsylvania.  As the Court finds that transfer is appropriate, it defers decision on the Defendants' motion to dismiss for failure to state a claim to allow the transferee court an opportunity to consider the merits of the case.  See Brown v. New York, 947 F. Supp. 2d 317, 326 (E.D.N.Y. 2013); Lyon v. Cornell University, 97 Civ. 7070, 1998 WL 226193 at *2 (S.D.N.Y. May 4, 1998) (Koetl, J.).

## CONCLUSION

For the reasons set forth above, the defendants' motion to transfer venue to the Eastern District of Pennsylvania is GRANTED.  The defendants' motion to dismiss is reserved for consideration by the transferee court in that district.  The Clerk of Court is directed to transfer

the case to the Eastern District of Pennsylvania and administratively close the action in this district.

       SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
      May 9, 2014